**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY ANN NOWAK<br>335 Maple Avenue<br>Sheffield Lake, Ohio 44054-1707 | ) <br> ) <br> ) <br> ) | CASE NO.:<br><br>JUDGE: |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | |
| EAST CLEVELAND CITY SCHOOL<br>DISTRICT BOARD OF EDUCATION | ) <br> ) <br> ) | |
| c/o Dr. Una H.R. Keenon, Board President<br>1843 Stanwood Road<br>East Cleveland, Ohio 44112 | ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| EAST CLEVELAND CITY SCHOOL<br>DISTRICT | ) <br> ) <br> ) | |
| c/o Dr. Una H.R. Keenon, Board President<br>1843 Stanwood Road<br>East Cleveland, Ohio 44112 | ) <br> ) <br> ) | **COMPLAINT**<br>**(Jury Demand Endorsed Herein)** |
| and | ) <br> ) | |
| DR. UNA H.R. KEENON<br>In Her Individual and Official Capacity<br>1843 Stanwood Road<br>East Cleveland, Ohio 44112 | ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| EVE LYNN WESTBROOKS<br>In Her Individual and Official Capacity<br>1843 Stanwood Road<br>East Cleveland, Ohio 44112 | ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) <br> ) <br> ) | |

DR. PATRICIA A. BLOCHOWIAK )
In Her Individual and Official Capacity )
1843 Stanwood Road )
East Cleveland, Ohio 44112 )
                                         )
and )
                                         )
DR. MARY E. RICE )
In Her Individual and Official Capacity )
1843 Stanwood Road )
East Cleveland, Ohio 44112 )
                                         )
and )
                                         )
TIFFANY FISHER )
In Her Individual and Official Capacity )
1843 Stanwood Road )
East Cleveland, Ohio 44112 )
                                         )
                      Defendants. )

Now comes Mary Ann Nowak ("Plaintiff"), by and through the undersigned counsel, and for her Complaint alleges as follows:

## **JURISDICTION**

1. Jurisdiction is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, Title I of the Americans with Disabilities Act of 1990, as amended, the Age Discrimination Employment Act of 1967, as amended, as well as 28 U.S.C.§ 1331, §1343 and §1367 as one of more of the claims arise "under the Constitution, laws, or treaties of the United States."

2. Plaintiff filed her discrimination and retaliation charge with the Equal Employment Opportunity Commission on July 6, 2016 (see Exhibit 1 - incorporated by reference, as if fully rewritten herein.)

2

3.      Plaintiff received her Right to Sue Letter on November 7, 2016, (Exhibit 2 - incorporated by reference as if fully rewritten herein).

4.      Plaintiff states that Defendant qualifies as an employer under the Title VII of the Civil Rights Act of 1964, as amended, Title I of the Americans with Disabilities Act of 1990, as amended, the Age Discrimination Employment Act of 1967, as amended, and R.C. 4112, et seq.

5.      Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the claims within which this Honorable Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

6.      Plaintiff states that all other jurisdictional requirements have been met.

7.      Venue is conferred under 28 U.S.C. § 1391 (b) as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio.

8.      The Board may be served with summons and process under Ohio Rev. Code § 3313.34 by leaving a copy with Board President Dr. Una H.R. Keenon, and is subject to jurisdiction and venue of this Court.

## PARTIES

9.      Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

10.    Plaintiff, Mary Ann Nowak, is a Caucasian woman who resides in Sheffield Lake, Lorain County, Ohio. She is a 67-year-old female who was employed by the Board under a three-year OHIO REV. CODE § 3313.22 contract as the Treasurer of the East Cleveland City School District.

11. Defendant, the East Cleveland City School District Board of Education ("Board") is the governing body of the East Cleveland City School District ("District") and a political subdivision organized under the laws of the State of Ohio with its principal place of business located at 1843 Stanwood Road, East Cleveland, Ohio 44112.

12. Defendant, the East Cleveland City School District is a political subdivision organized under the laws of the State of Ohio with its principal place of business located at 1843 Stanwood Road, East Cleveland, Ohio 44112.

13. Defendant, Dr. Una H.R. Keenon ("Keenon") is an African-American female, who was, at all times relevant, a member of the Board. Keenon is named in her official and individual capacities. Keenon currently holds the position of Board President.

14. Defendant, Eve Lynn Westbrooks ("Westbrooks") is an African-American female, who was, at all times relevant, a member of the Board. Westbrooks is named in her official and individual capacities. Westbrooks currently holds the position of Board Vice-President.

15. Defendant, Dr. Patricia A. Blochowiak ("Blochowiak") is a Caucasion female, who was, at all times relevant, a member of the Board. Blochowiak is named in her official and individual capacities.

16. Defendant, Dr. Mary E. Rice ("Rice") is an African American female, who was, at all times relevant, a member of the Board. Rice is named in her official and individual capacities.

17. Defendant, Tiffany Fisher ("Fisher") is an African-American female, who was, at all times relevant, a member of the Board. Fisher is named in her official and individual capacities.

4

## STATEMENT OF THE FACTS

18.   Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

19.   Plaintiff is Caucasian.

20.   Plaintiff was born August 10, 1949 and is currently 67 years of age.

21.   Plaintiff began working for the East Cleveland City School District on November 8, 2005 as Treasurer/Chief Financial Officer.

22.   Plaintiff has held the position of Treasurer/Chief Financial Officer of East Cleveland City Schools since November 8, 2005.

23.   Plaintiff was never disciplined, reprimanded, or written up.

24.   Plaintiff has been subjected to work in a racially prejudicial and hostile work environment at the behest of the East Cleveland City School Board of Education and the staff of the East Cleveland City Schools District.

25.   The Board of Education is comprised of five members.

26.   Four out of the five members of the Board of Education are African-American.

27.   Plaintiff works with an all African-American staff.

28.   Upon information and belief, East Cleveland City School District has a 95 percent African-American student body.

29.   Plaintiff has battled with breast cancer and severe rheumatoid arthritis for some time.

30.   Plaintiff has been on the receiving end of racial insults such as being called, "Miss White potato," by the African-American staff of the East Cleveland City Schools District.

31.   The staff would also walk by Plaintiff stating "I just love those white mashed potatoes."

32. Further, the African-American staff would pass around a picture of the character "Granny Clampett" from the television show The Beverly Hillbillies in reference to Plaintiff.

33. The African-American staff would also intentionally bump into Plaintiff.

34. One employee, Monique Hamilton ("Hamilton"), would place Plaintiff's mail up high so that Plaintiff could not retrieve it due to the pain she was suffering.

35. After numerous complaints, Hamilton finally placed Plaintiff's mail lower, but then taped up a large blue arrow pointing to the mail. This was done to humiliate and embarrass Plaintiff.

36. The Board and the Board's attorney were fully aware of the racial insults and discriminatory treatment.

37. Defendants treated employees differently who were similarly situated but were not members of the protected class.

38. In January 2015, Board President Keenon said to Plaintiff "You know this is happening to you because you are White." She also said to Julene Thompson (the African-American Assistant Treasurer) "You know they wouldn't be doing this to you." She replied "I know, you're right."

39. As a result of her affliction, Plaintiff was forced to take time off of work from January 24, 2014 through to August 4, 2014 and again from August 20, 2014 through February 2015.

40. Despite having to take time off, Plaintiff diligently performed her work duties from home during this period.

41.     Plaintiff again required time off of work from May 22, 2015 through to July 6, 2015 due to her health concerns.

42.     On July 6, 2015, the day she returned to work, Plaintiff was informed that the Board was planning on firing her.

43.     Due to her health requirements, Plaintiff was met with hostile and combative reactions from the Board of Education.

44.     On July 31, 2015, Nowak received an email from Keenon that she was no longer permitted to work from home.

45.     Soon after Nowak returned to work, Defendants began targeting her by wrongfully accusing her of inaccurate work product, purposefully interfering with her work, intentionally waiting for the last minute before demanding that she complete overwhelming loads of work, and subjecting her to an array of racially offensive insults and interrogation tactics.

46.     In an effort by Defendants to rid themselves of Nowak the BOE held several meetings that resulted in the non-renewal of Nowak's employment contract with the District.

47.     On or about February 12, 2016, the BOE held a Special Board Meeting where the Board members entered into executive session, "for the purpose of discussing the evaluation of the Treasurer."

48.     Plaintiff was given notice of the February 12, 2016 meeting, but was not allowed to be present during the meeting.

49.     The Board made the decision not to renew Plaintiff's contract at the February 12, 2016 Special Board Meeting.

50.     The minutes of the February 12, 2016 meeting specify that the next meeting would be held on February 16, 2016 for the purpose of completing the Treasurer's evaluation and to consider the renewal or non-renewal of the Treasurer's contract.

51.     On or about February 16, 2016 the BOE held a Special Board Meeting wherein the BOE entered into executive session for the purpose of continuing the evaluation of Nowak.

52.     During that same meeting, the BOE entered into a second executive session, "for the purpose of considering the employment of a public employee."

53.     Plaintiff was present for the roll call during the February 16, 2016 meeting, but was asked to leave immediately after the completion of the roll call and was forced to wait in her office for 6 hours.

54.     Plaintiff was not given an evaluation at the February 16, 2016 Board meeting.

55.     The decision not to renew Plaintiff's contract was decided prior to the February 16, 2016 Board meeting because the Resolution Not to Remploy the Treasurer was drafted prior to the February 16, 2016 meeting.

56.     Plaintiff's evaluation was sent to her email address on February 17, 2016 at approximately 2:20 PM.

57.     None of Plaintiff's evaluations listed any areas of improvement.

58.     The February 16, 2016 meeting minutes specified that another special meeting would be held on February 22, 2016 in order to, "complete the Treasurer's evaluation and to consider renewal or non-renewal of the Treasurer's contract."

59.     On February 22, 2016, the BOE held a Special Board Meeting wherein the Board handed Plaintiff a letter of non-renewal dated February 16, 2016.

60. On February 22, 2016, the BOE adopted a resolution not to re-employ Plaintiff at the expiration of her contract.

61. The Board adopted Plaintiff's evaluation in the Minutes. This has never been done before.

62. Although, Nowak was present for the entire February 22, 2016 meeting she was only able to review three or four comments from the BOE's written evaluation of her work.

63. On February 22, 2016, the BOE resolved not to re-employ Nowak as Treasurer because of her disability, her race, and her age.

64. In March or April 2016, Otis Mayes (a community member), pulled the Board members to the side and said they were being unfair to Plaintiff.

## FIRST CAUSE OF ACTION – DUE PROCESS VIOLATIONS

65. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

66. Plaintiff brings this claim pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourteenth Amendment to the United States Constitution.

67. Plaintiff brings this claim against all Defendants.

68. Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

69. Defendants are not entitled to qualified immunity as the Complaint states a constitutional right, which was clearly established at the time of Defendants' misconduct.

70. Defendants are the final policy-makers for purposes of 42 U.S.C. § 1983 liability.

71. Plaintiff has a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution ("Due Process Clause").

72.     Plaintiff's legitimate claims of entitlement to her property and benefits are manifested through OHIO REV. CODE § 3313.22 as well as her employment contracts, bylaws, policies, guidelines, rules, and regulations.

73.     Defendants acted under color of law to deprive Plaintiff of her protected property interests under the Due Process Clause.

74.     Plaintiff was not afforded adequate procedural rights prior to the deprivation of her protected interests as:

   a.     To the extent Defendants acknowledge Plaintiff was employed under an OHIO REV. CODE § 3313.22 contract as the Treasurer, Defendants deprived Plaintiff of the rights and privileges afforded this position without due process.

   b.     To the extent Defendants acknowledge Plaintiff was employed under an OHIO REV. CODE § 3313.22 contract as the Treasurer, Defendants violated OHIO REV. CODE § 121.22(H), which states in relevant part, "[a] resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section. A resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section."

   c.     To the extent Defendants acknowledge Plaintiff was employed under an OHIO REV. CODE § 3313.22 contract as the Treasurer, Defendants violated OHIO REV.

10

CODE § 121.22 (G), which states in relevant part, "[e]xcept as provided in divisions (G)(8) and (J) of this section, the members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of any of the following matters: (1) To consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual, unless the public employee, official, licensee, or regulated individual requests a public hearing. Except as otherwise provided by law, no public body shall hold an executive session for the discipline of an elected official for conduct related to the performance of the elected official's official duties or for the elected official's removal from office. If a public body holds an executive session pursuant to division (G)(1) of this section, the motion and vote to hold that executive session shall state which one or more of the approved purposes listed in division (G)(1) of this section are the purposes for which the executive session is to be held, but need not include the name of any person to be considered at the meeting.

d.  To the extent Defendants acknowledge Plaintiff was employed under an OHIO REV. CODE § 3313.22 contract as Treasurer, Defendants violated Board Policy 1.10, which states in relevant part "[e]xcept for a Treasurer who is automatically disqualified from service pursuant to Ohio Law, termination of a Treasurer's contract shall be in accordance with O.R.C. §3319.16."

75.     The deprivation of these protected interests violates Constitutional notions of due process.

76.     Defendants approved, ratified, or otherwise caused the deprivation of Plaintiff's privileged property interests.

77.     The deprivation of Plaintiff's protected property interests resulted from a policy and practice of the Board and the District.

78.     **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory damages of $1,000,000.00, punitive damages of $500,000.00, appropriate equitable relief, reinstatement, attorney fees, costs, and any other relief as this Court deems fair and equitable.

**SECOND CAUSE OF ACTION – EQUAL PROTECTION SECTION VIOLATIONS**

79.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

80.     Plaintiff brings this claim pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

81.     Plaintiff brings this claim against all Defendants.

82.     Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

83.     Defendants are not entitled to qualified immunity as the Complaint states a constitutional right, which was clearly established at the time of Defendants' misconduct.

84.     Defendants are the final policy-makers for purposes of 42 U.S.C. § 1983 liability.

85.     Defendants acted under color of law to deprive Plaintiff of her right to be free from age,

disability, and race discrimination and retaliation in violation of the Equal Protection

Clause of the Fourteenth Amendment.

86.     Plaintiff is a member of a statutorily-protected class as she is disabled and over 40 years

of age.

87.     Defendants subjected Plaintiff to adverse employment actions with a discriminatory

intent and purpose.

88.     Plaintiff is qualified for all applicable positions referenced herein, with or without a

reasonable accommodation.

89.     Defendants treated Plaintiff differently than other non-protected employees for engaging

in the same or similar conduct.

90.     Defendants approved, ratified, or otherwise caused the deprivation of Plaintiff's right to

be free from age, disability, and race discrimination and retaliation.

91.     The deprivation of Plaintiff's right to be free from age, disability, and race

discrimination and retaliation resulted from a policy, custom, and practice of the Board

and/or the District.

92.     **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory

damages of $1,000,000.00, punitive damages of $500,000.00, appropriate equitable

relief, reinstatement, attorney fees, costs, and any other legal relief as this Court deems

fair and equitable.

### THIRD CAUSE OF ACTION – SECTION 1983 CONSPIRACY

93.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten

herein.

94.     Plaintiff brings this claim pursuant to 42 U.S.C. § 1983.

95.     Plaintiff brings this claim against all Defendants.

96.     Defendants were members of a conspiracy.

97.     A civil conspiracy is an agreement between two or more persons to injure another by unlawful force. The elements of a civil conspiracy are (1) that there was a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that caused conspiracy to the complainant. *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771, F.2d 935, 943-944 (6th. Cir. 1985)).

98.     The purpose of the conspiracy was to deprive Plaintiff of the equal protection of the laws, or of equal privileges or immunities of the laws.

99.     The actions of Defendants were motivated by class-based discrimination.

100.    Defendants engaged in acts in furtherance of the conspiracy by:

    e.      Conspiring to remove Plaintiff from the Treasurer position;

    f.      Depriving Plaintiff employment in positions of greater responsibility and prestige similar and/or equal to her OHIO REV. CODE § 3313.22 contract as the Treasurer; and

    g.      Depriving Plaintiff of her OHIO REV. CODE § 3313.22 contract as the Treasurer, without affording Plaintiff due process.

101.    Plaintiff has been injured in her property rights under OHIO REV. CODE § 3313.22, as well as her employment contracts, bylaws, policies, guidelines, rules, and regulations.

102.     **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory damages of $1,000,000.00, punitive damages of $500,000.00, attorney fees, costs, and any other relief as this Court may deem fair and equitable.

### FOURTH CAUSE OF ACTION – FEDERAL RACE DISCRIMINATION

103.    Plaintiff incorporates by reference the allegations set forth above as if fully rewritten herein.

104.    Plaintiff brings this claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

105.    Plaintiff brings this claim against the Board, the District, and all Defendants in their official capacities only.

106.    There are "background circumstances" that demonstrate that Plaintiff was intentionally discriminated against despite her majority status.

107.    Defendant is that "unusual employer" who discriminates against the majority.

108.    Defendants have a history of unlawful consideration of race.

109.    The Board, who is responsible for employment decisions, is predominately a minority-based group (i.e. African American).

110.    The Superintendent is a minority (i.e. African American).

111.    There is ongoing racial tension in the workplace.

112.    Plaintiff is qualified for her job.

113.    Defendants replaced Plaintiff with a minority and/or otherwise treated Plaintiff differently than other similarly-situated, non-protected employees.

114.    Defendants treated employees differently who were similarly situated but were not members of the protected class.

115.    Defendants subjected Plaintiff to adverse employment actions (i.e. non-renewal, poor evaluations).

116.    Plaintiff's race was a motivating factor in the adverse employment actions.

117.    **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

### FIFTH CAUSE OF ACTION – STATE RACE DISCRIMINATION

118.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

119.    Plaintiff brings this claim against all Defendants pursuant to OHIO REV. CODE §§ 4112.02 et. seq. and/or 4112.99.

120.    OHIO REV. CODE § 4112.02(J) makes in unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

121.    OHIO REV. CODE § 4112.02(A) makes in unlawful "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

122.   Plaintiff brings this claim against all Defendants.

123.   There are "background circumstances" that demonstrate that Plaintiff was intentionally discriminated against despite her majority status.

124.   Defendant is that "unusual employer" who discriminates against the majority.

125.   Defendants have a history of unlawful consideration of race.

126.   The Board, who is responsible for employment decisions, is predominately a minority-based group (i.e. African American).

127.   The Superintendent is a minority (i.e. African American).

128.   There is ongoing racial tension in the workplace.

129.   Plaintiff is qualified for her job.

130.   Defendants replaced Plaintiff with a minority and/or otherwise treated Plaintiff differently than other similarly-situated, non-protected employees.

131.   Defendants treated employees differently who were similarly situated but were not members of the protected class.

132.   Defendants subjected Plaintiff to adverse employment actions (i.e. non-renewal, poor evaluations).

133.   Plaintiff's race was a motivating factor in the adverse employment actions.

134.   **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## SIXTH CAUSE OF ACTION – FEDERAL AGE DISCRIMINATION

135.   Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

136.   Plaintiff brings this claim pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

137.   Plaintiff brings this claim against the Board, the District, and all Defendants in their official capacities only.

138.   Plaintiff is a member of the statutorily-protected class as she was at least forty years old at the time of the alleged discrimination.

139.   Defendants subjected Plaintiff to adverse employment actions (i.e. non-renewal and poor evaluations).

140.   Defendants discriminated against Plaintiff by failing to renew her contract because of her age.

141.   Plaintiff is qualified for her job.

142.   **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## SEVENTH CAUSE OF ACTION – STATE AGE DISCRIMINATION

143.   Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

144.   Plaintiff brings this claim pursuant to OHIO REV. CODE §§ 4112.02, 4112.14 and/or

4112.99.

145.  Plaintiff brings this claim against all Defendants.

146.  OHIO REV. CODE § 4112.02(A) makes in unlawful "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

147.  OHIO REV. CODE § 4112.14(A) makes it unlawful for any "employer to discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

148.  Plaintiff is a member of the statutorily-protected class as she was at least forty years old at the time of the alleged discrimination.

149.  Defendants subjected Plaintiff to adverse employment actions (i.e. non-renewal and poor evaluations).

150.  Defendants discriminated against Plaintiff by failing to renew her contract because of her age.

151.  Plaintiff is qualified for her job.

152.  **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other

nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## EIGHTH CAUSE OF ACTION – FEDERAL DISABILITY DISCRIMINATION

153.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

154.    Plaintiff brings this action under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*

155.    Plaintiff brings this claim against the Board, the District, and all Defendants in their official capacities only.

156.    Plaintiff is a qualified individual with a disability and Defendants regarded her as having a disability.

157.    Plaintiff is qualified for her job, with or without a reasonable accommodation.

158.    Defendants subjected Plaintiff to adverse employment actions (i.e. non-renewal and poor evaluations).

159.    The Board and the District knew or had reason to know of the disability or "regarded as" disability at the time of the adverse employment actions.

160.    Plaintiff suffered these adverse employment decisions under circumstances giving rise to an inference of unlawful discrimination.

161.    **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## NINTH CAUSE OF ACTION – STATE DISABILITY DISCRIMINATION

162. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

163. Plaintiff brings this claim under OHIO REV. CODE §§ 4112.02 and/or 4112.99.

164. OHIO REV. CODE § 4112.02(J) makes in unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

165. OHIO REV. CODE § 4112.02(A) makes in unlawful "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

166. Plaintiff brings this claim against all Defendants.

167. Plaintiff is a qualified individual with a disability under R.C. CHAPTER 4112 and the Board and the District regarded her as having a disability.

168. Plaintiff is qualified for all applicable positions referenced herein, with or without a reasonable accommodation.

169. Defendants subjected Plaintiff to adverse employment actions (i.e. non-renewal and poor evaluations).

170. Defendants knew or had reason to know of the disability or "regarded as" disability at the time of the adverse employment action.

171.   Plaintiff suffered these adverse employment actions under circumstances giving rise to an inference of unlawful discrimination.

172.   **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

### TENTH CAUSE OF ACTION – FEDERAL RETALIATION

173.   Plaintiff incorporates by reference the allegations set forth above as if fully rewritten herein.

174.   Plaintiff brings this claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, Title I of the Americans with Disabilities Act of 1990, as amended, and the Age Discrimination Employment Act of 1967, as amended.

175.   Plaintiff brings this claim against the Board, the District, and all Defendants in their official capacities only.

176.   Plaintiff engaged in an activity protected by Title VII of the Civil Rights Act of 1964, as amended, Title I of the Americans with Disabilities Act of 1990, as amended, and the Age Discrimination Employment Act of 1967, as amended. For example, Plaintiff specifically made complaints to the Board about the discrimination.

177.   The Board knew about Plaintiff's exercise of civil rights.

178.   Defendants took adverse employment actions against Plaintiff. For instance, Defendants refused to allow Plaintiff to work remotely from home after surgery, but permitted

others to work remotely from home. Plaintiff then was forced to take extended sick leave/FMLA leave.

179. There is a causal connection between the protected activity and the adverse employment actions.

180. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## ELEVENTH CAUSE OF ACTION – STATE RETALIATION

181. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

182. Plaintiff brings this claim pursuant OHIO REV. CODE §§ 4112.02, 4112.14 and/or 4112.99.

183. OHIO REV. CODE § 4112.02(J) makes in unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

184. OHIO REV. CODE § 4112.02(A) makes in unlawful "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or

privileges of employment, or any matter directly or indirectly related to employment."

185. OHIO REV. CODE § 4112.14(A) makes it unlawful for any "employer to discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

186. Plaintiff brings this claim against all Defendants.

187. Plaintiff engaged in a protected activity under R.C. CHAPTER 4112 by opposing an unlawful discriminatory practice.

188. Plaintiff also made a charge, testified, assisted, and/or participated in any manner, in an investigation, proceeding or hearing under OHIO REV. CODE §§ 4112.02 through 4112.07.

189. Ohio law provides in order to establish a prima facie case of retaliation, a plaintiff must show (1) that she was engaged in protected activity, (2) her exercise of protected rights was known to the defendant, (3) the defendant took an adverse employment action against her or she was subjected to severe or pervasive retaliatory harassment by a supervisor, and (4) a causal connection between the protected activity and the adverse employment action or harassment. *Rice v. Cuyahoga County Department of Justice*, 970 N.E.2d 470 (2005).

190. Defendants knew about Plaintiff's opposition and/or charges made to the Board.

191. Defendants took adverse employment actions against Plaintiff when they refused to allow Plaintiff to work remotely from home after surgery, but permitted others to work remotely from home. Plaintiff then was forced to take extended sick leave/FMLA leave.

192. A causal link exists between the protected activity and the adverse employment actions.

193. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## TWELFTH CAUSE OF ACTION – BREACH OF CONTRACT

194. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

195. Plaintiff brings this cause of action against the Board.

196. A valid OHIO REV. CODE § 3313.22 contract exists to employ Plaintiff as the Treasurer through the 2013-2014, 2014-2015 and 2015-2016 school years.

197. Plaintiff performed under the OHIO REV. CODE § 3313.22 contract by fulfilling her Treasurer duties and responsibilities as assigned by Defendants.

198. The Board renewed Plaintiff's contract without giving her a new written contract.

199. The February 26, 2013 Board Meeting Minutes evidence the renewal of Plaintiff's contract for three (3) years.

200. The March 19, 2013 Board Meeting Minutes evidence a three (3) percent increase in Plaintiff's salary.

201. The Board breached its duty to Plaintiff as it failed to abide by OHIO REV. CODE § 3319.16 when it non-renewed the treasurer's contract.

202. Defendants' breach was unlawful, willful, wanton, and malicious.

203. To the extent Defendants assert that Plaintiff ceased to be employed as a Treasurer

anytime during and/or after the 2015-2016 school year, then Defendants:

a.      Nonrenewed Plaintiff's OHIO REV. CODE § 3313.22 contract as Treasurer in violation of applicable bylaws, policies, guidelines, laws, rules, and regulations; and/or

b.      Terminated Plaintiff's OHIO REV. CODE § 3313.22 contract as Treasurer in violation of applicable bylaws, policies, guidelines, laws, rules, and regulations.

204.   The Board breached its duty to Plaintiff as it failed to abide by Board Policy 1.10 and OHIO REV. CODE § 3319.16 in suspending her contract.

205.   Plaintiff has suffered damages or loss as a result of such breach.

206.   **WHEREFORE,** Plaintiff demands for Breach of Contract, compensatory damages of $500,000.00, punitive damages of $100,000.00, attorney fees, costs, injunctive relief and any other relief this Court may deem is fair and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/  Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
*egilbert@edwardlgilbert.com*